69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan C. WILSON, Defendant-Appellant.
 No. 95-1460.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1995.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 94-81000; Bernard A. Friedman, Judge.
 E.D.Mich.
 AFFIRMED.
 PER CURIAM.
 
 
 1
 This defendant appeals his sentence, imposed after he pleaded guilty to knowingly and willfully obtaining by fraud and false statement funds provided and insured under Subchapter IV of the Higher Education Act of 1965, 20 U.S.C. Secs. 1070-1099 (1986), and specifically funds in excess of $200 provided under the Federal Pell Grant, Federal Guaranteed Student Loan, Federal Perkins Loan and Federal Student Loan for Students programs, in violation of 20 U.S.C. Sec. 1097(a).
 
 
 2
 On sentencing matters, we review for clear error the district court's findings of fact; we review de novo, but with "due deference," the district court's application of the guidelines to those facts. 18 U.S.C. Sec. 3742(e) (1988); United States v. Morrison, 983 F.2d 730, 732 (6th Cir.1993). After careful review of the record in this case, we conclude that the sentence imposed by the district court must be affirmed.
 
 
 3
 The defendant obtained numerous student loans during the period from January 1991 through January 1993. The specific subject of this appeal is the defendant's claim that $6800 of those loans ought not to be included for sentencing purposes in the determination of the dollar amount of the fraud to which he has pleaded guilty. The defendant obtained these loans using Social Security number jsx-hk-dycn he claims that he believed that number was legitimate, that he actually used the proceeds of the loans for educational purposes, and that there was no showing that in obtaining those loans, he intended to defraud the government. The defendant concludes that, because the $6800 amount at issue here should not have been included in the calculation of the amount of loss, his offense level should have been increased by only three levels, for a loss between $10,000 and $20,000 pursuant to Sec. 2F1.1(b)(1)(D), rather than by four levels for a loss exceeding $20,000, as required by Sec. 2F1.1(b)(1)(E).
 
 
 4
 The defendant's argument misses the point. The record clearly establishes that the defendant had, and knew that he had, three different Social Security numbers. It also establishes that he obtained these numbers at different times using different, and partially false, personal information. The record further demonstrates that the defendant used all three of these Social Security numbers to obtain funds under various federal student loan programs, and that his reason for doing so was his belief that he would not be able to secure the loans if he used only his original Social Security number.
 
 
 5
 The record establishes that the defendant knowingly used three different Social Security numbers to obtain more than $20,000 from the various student loan programs. We hold, therefore, that the district court did not err in finding that the amount of the loan fraud totalled more than $20,000 or in applying USSG Sec. 2F1.1(b)(1)(E) to calculate the defendant's offense level. Accordingly, the sentence is affirmed.